**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL AND KRISTEN BARKER, h/w, et al., | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | NO.  13-5081 |
| WILMER L. HOSTETTER AND JOYCE L. HOSTETTER, et al., | : | |
| | : | |
| Defendants, | : | |
| | : | |
| & | : | |
| | : | |
| GARY ROEDER, et al., | : | |
| | : | |
| Third-Party Defendants. | : | |

**<u>MEMORANDUM</u>**

BUCKWALTER, S. J.                                              November 13, 2014

Currently pending before the Court are (1) the Motions by Third-Party Defendants Hugh

V. Archer, individually and doing business as Mavickar Environmental Consultants, Mavickar

Environmental Consultants Inc., Mavickar Environmental Engineering Consultants, LLC, and

The Mavickar Group, LLC; Chesapeake Environmental Solutions, Inc. and Hugh V. Archer

doing business as Chesapeake Environmental Solutions; Tri-Tech Resources, Inc. and Tri-Tech

Resources, Inc., doing business as Lake, Roeder, Hillard & Associates; Dr. Hugh Archer; Terr

Aqua Facility Planning Conultants, LLC; Envirotec, Inc.; Joseph Link; H&H Rock Companies;

WWM, Inc.; Wastewater Monitoring, Inc.; Leo Kob Environmental, LLC; Leo Kob Co., Inc.;

Leo Kob Company; Richard A. Kerb; and Hopewell Ridge Homeowners Association

(collectively, "Third-Party Defendants," to Dismiss Defendants' Joint Third-Party Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6) or for a More Definite Statement pursuant

to Rule 12(e); and (2) the Motion by Third Party Defendants Tri-Tech Resources, Inc., Tri-Tech

Resources, Inc. d/b/a Lake, Roeder, Hillard & Associates, and Gary Roeder to Dismiss

Defendants' Third-Party Complaint for failure to file a Certificate of Merit.  For the following

reasons, the Motions to Dismiss pursuant to Rule 12(b)(6) are granted and the Motions for a

More Definite Statement and the Motion to Dismiss for failure to file a Certificate of Merit are

denied as moot.

## I.    FACTUAL BACKGROUND[1]

Defendants Keystone Custom Homes, Inc., and Willow Creek, LLC, and Defendants

Wilmer L. Hostetter and Joyce L. Hostetter (collectively "Defendants") brought a Joint Third-

Party Complaint against Hugh V. Archer, individually and doing business as Mavickar

Environmental Consultants, Mavickar Environmental Consultants Inc., Mavickar Environmental

Engineering Consultants, LLC, and The Mavickar Group, LLC; Chesapeake Environmental

Solutions, Inc. and Hugh V. Archer doing business as Chesapeake Environmental Solutions; Tri-

Tech Resources, Inc. and Tri-Tech Resources, Inc., doing business as Lake, Roeder, Hillard &

Associates; Gary Roeder; Terr Aqua Facility Planning Consultants, LLC; Envirotec, Inc.; Joseph

Link; H&H Rock Companies; WWM, Inc.; Wastewater Monitoring, Inc.; Leo Kob

Environmental, LLC; Leo Kob Co., Inc.; Leo Kob Company; Richard A. Kerb; and Hopewell

Ridge Homeowners Association (collectively, "Third Party Defendants").

In the Third-Party Complaint, Defendants incorporate by reference, without providing a

summary, the factual allegations set forth in Defendants Keystone Custom Homes, Inc.'s and

Willow Creek, LLC's Answer to First Amended Complaint with Affirmative Defenses and

---

[1] Facts in the Third-Party Complaint which concern only the non-moving Third-Party
Defendants, and which are not relevant to the disposition of the Motions to Dismiss, are omitted.

Cross-claim ("Keystone Answer") and Defendants Wilmer and Joyce Hostetter's Answer to the

First Amended Complaint with Affirmative Defenses and Cross-claims ("Hostetter Answer"),

attached to the Joint Third-Party Complaint as Exhibit 1.  (Third-Party Compl. ¶ 1.)  Defendants

also incorporate by reference, without admitting the truth of the averments contained therein, the

factual allegations set forth in Plaintiffs' First Amended Complaint, which is attached to the Joint

Third-Party Complaint as Exhibit 2.  (Third-Party Compl. ¶ 2, Ex. 2.)  Plaintiffs' First Amended

Complaint sets forth allegations against Defendants concerning the presence of nitrate

contamination on the Plaintiff homeowners' lots in the Hopewell Ridge development and

Defendants' alleged misrepresentations and omissions regarding the contamination and sewage

connections on the lots and in connection with Plaintiffs' purchases of their homes.[2]  See Barker

v. Hostetter, No. Civ.A.13-5081, 2014 WL 1464319, at *1–5 (E.D. Pa. Apr. 15, 2014).

Third-Party Defendants Hugh V. Archer ("Archer") and Mavickar Environmental

Consultants, Mavickar Environmental Consultants, Inc., Mavickar Environmental Engineering

Consultants, LLC, and The Mavickar Group, LLC ("Mavickar") reside and/or are registered at

5925 Stevenson Avenue, Suite A, Harrisburg, Pennsylvania.  (Third-Party Compl. ¶¶ 3–8.)

Archer is the President and Treasurer of Mavickar Environmental Consultants, Inc., and

Defendants assert that Archer is also a shareholder/member of all the Mavickar Third-Party

Defendants, directs the operations of all the Mavickar Third-Party Defendants, and operates them

as a single enterprise and/or as alter egos of each other.  (Id. ¶¶ 5, 9.)  Archer and Mavickar

designed the EnviroServer septic systems that were installed in the Hopewell Ridge development

---

[2] The Court set forth in detail the lengthy factual allegations of the First Amended Complaint in its Opinion of April 15, 2014, which granted in part and denied in part the Keystone, Willow Creek, and Hostetter Defendants' Motions to Dismiss the First Amended Complaint.  See Barker v. Hostetter, No. Civ.A.13-5081, 2014 WL 1464319, *1–5 (E.D. Pa. Apr. 15, 2014).  In lieu of repeating that entire discussion, the Court incorporates by reference that portion of its Opinion into this Memorandum.

and represented to Defendants that the EnviroServers would treat and reduce the level of nitrates in the groundwater at Hopewell Ridge to the level required by the Pennsylvania Department of Environmental Protection ("DEP").  (Id. ¶ 10.)  Prior to founding Mavickar, Archer worked for DEP.  (Id. ¶ 11.)  In his capacity as a professional engineer licensed in Pennsylvania, and as a representative of Mavickar Environmental Consultants, Archer certified that the EnviroServers were constructed in accordance with the plans and specifications that DEP had approved.  (Id. ¶ 12.)  On the basis of that certification, DEP authorized the Chester County Health Department to permit wells and issue Use and Occupancy Permits for the Hopewell Ridge lots Archer had certified as having properly installed EnviroServers.  (Id. ¶ 13.)  When DEP reviewed the EnviroServers' performance and authorized their continued use, including adjustments to alkalinity, Archer communicated with his former DEP subordinate to persuade DEP that the EnviroServers could continue to be used with minor adjustments.  (Id. ¶ 14.)  Archer certified that the EnviroServers were working to properly treat the nitrate levels in the groundwater at Hopewell Ridge, and, together with Third-Party Defendants Gary Roeder and Lake Roeder, required the Keystone and Hostetter Defendants to purchase the EnviroServers from a particular distributor.  (Id. ¶ 15.)  Defendants assert that this was done to manipulate the EnviroServers' purchase price and for the personal gain of Third-Party Defendants Archer, Mavickar, Roeder, Lake Roeder, and Chesapeake.  (Id.)

According to the Third-Party Complaint, Third-Party Defendant Chesapeake Environmental Solutions is a fictitious name registered to Archer with an address at 1240 North Mountain Road in Harrisburg, Pennsylvania.  (Id. ¶ 16.)  Third-Party Defendant Chesapeake Environmental Solutions, Inc. is a Pennsylvania corporation registered at the same address as Chesapeake Environmental Solutions (collectively "Chesapeake").  (Id. ¶ 17.)  Chesapeake was

the supplier from which the Keystone Defendants were required to purchase the EnviroServers that were installed at Hopewell Ridge.  (Id. ¶ 18.)  The Third-Party Complaint alleges that Archer did not disclose to Defendants that Archer was an owner of, and/or affiliated with, Chesapeake.  (Id. ¶ 19.)  On the Purchase Agreements for the EnviroServers, Third-Party Defendant Joseph Link is identified as the President of Chesapeake, but Archer is not mentioned. (Id.)

Also according to the Third-Party Complaint, Third-Party Defendant Lake, Roeder, Hillard & Associates is a fictitious name registered to Tri-Tech Resources, Inc., with an address at 324 Beaver Valley Pike, in Willow Street, Pennsylvania.  (Id. ¶ 20.)  Third-Party Defendant Tri-Tech Resources, Inc. is a Pennsylvania corporation registered at the same address.  (Id. ¶ 21.) Defendants assert that an internet search for Tri-Tech Resources, Inc. defaults to a website for Lake, Roeder, Hillard & Associates (collectively, "Lake Roeder").  (Id.)  Gary Roeder is a principal of Lake Roeder, the engineering firm that designed the Sewage Planning Narrative for Hopewell Ridge, which served as the basis for DEP's approval of the EnviroServers.  (Id. ¶¶ 22– 23.)  Tri-Tech reviewed the results of soils testing at Hopewell Ridge and, together with Lake Roeder, Archer, and Mavickar, proposed the use of EnviroServers at Hopewell Ridge.  (Id. ¶ 24.) Lake Roeder recorded the Installation and Maintenance Agreement between the Hostetter Defendants and East Nottingham Township by which the Township obtained rights to enter, inspect, and maintain the EnviroServers and by which it was affirmed that the Hopewell Ridge Homeowner's Association was obligated to maintain the EnviroServers.  (Id. ¶ 25.)  Defendants allege that Roeder is a shareholder/member of all the Lake Roeder Third-Party Defendants, as well as Third-Party Defendant Terr Aqua, directs the operations of all Lake Roeder Third-Party Defendants and Terr Aqua, and operates them as a single enterprise and/or as alter egos of each

other.  (Id. ¶ 26.)  Roeder and Lake Roeder, together with Archer, Mavickar, and Chesapeake, engineered the approval of the Sewage Planning Narrative.  (Id. ¶ 27.)

Third-Party Defendant Terr Aqua, Wastewater and Water Facility Planning Consultants, LLC ("Terr Aqua") shares the same address as Lake Roeder and Gary Roeder at 313 West Liberty Street, Suite 1, Lancaster, Pennsylvania.  (Id. ¶ 28.)  Roeder and/or Lake Roeder are the principals of Terr Aqua.  (Id. ¶ 29.)  Archer and Terr Aqua prepared the EnviroServer construction detail drawings that were used to obtain construction building permits for the homes in Hopewell Ridge.  (Id. ¶ 30.)  Archer also served as a Project Engineer for Terr Aqua and, as a professional engineer, sealed the construction detail drawings upon which permits were issued to construct and install the EnviroServers.  (Id. ¶ 31.)

Third-Party Defendant Joseph Link ("Link") of 6800 Deerpath Road, Suite 100, Elkridge, Maryland, is alleged to be a principal of Third-Party Defendants Envirotec, Inc., Wastewater Monitoring, Inc., WWM, Inc., and H&H Rock Companies, all of which share the same address, and which are collectively referred to as the "Link Entities."  (Id. ¶¶ 32–36.)  Defendants allege that Link is a shareholder member of all the Link Entities, directs their operations, and operates them as a single enterprise and/or as alter egos of each other.  (Id. ¶ 37.)  The Link Entities, together with Third-Party Defendants Kob Companies, installed the EnviroServers and monitored their performance following installation.  (Id. ¶ 38.)  H&H Rock Companies, one of the Link Entities, was the exclusive mid-Atlantic distributor of EnviroServer technology, trained Kob Companies on how to install and maintain the EnviroServers, and authorized the Kob Companies to provide installation and maintenance services on the EnviroServers used at Hopewell Ridge.  (Id. ¶ 39.)  On the Purchase Agreement for the EnviroServers between Keystone and Chesapeake, which is an Archer-owned/affiliated entity, Link is identified as

Chesapeake's President; Terr Aqua is listed as the engineering firm retained to certify to DEP proper construction, installation, and start-up of the EnviroServers; and Roeder is listed as the "contact" for Terr Aqua. (Id. ¶ 40.) From 2007 onward, there is no disclosure on the Purchase Agreements, that Defendant Keystone signed in order to purchase EnviroServers from Chesapeake, that Link was also the principal of Wastewater Monitoring, Inc., the entity that entered into an "Extended Maintenance and Monitoring Agreement" (the "Maintenance Agreement") in 2004 to monitor and maintain the EnviroServers. (Id. ¶ 41.) The Maintenance Agreement was to continue for the life of the EnviroServer systems and was terminable only by Wastewater Monitoring, Inc. (Id.)

According to the Third-Party Complaint, Defendants relied on the technical expertise of Archer, Mavickar, Roeder, Lake Roeder, Chesapeake, Terr Aqua, Link, the Link Entities, Richard Erb, and the Kob Companies to design and obtain approval of the appropriate septic systems for use in Hopewell Ridge. (Id. ¶ 48.) Defendants assert that "Plaintiffs claim to have suffered certain damages as the result of issues that arose during the construction, installation, and operation of the EnviroServers and related facilities" at Hopewell Ridge. (Id. ¶ 54.) According to Defendants, "the Third Party Defendants all were responsible for the permitting, approval, design, construction, installation, operation, maintenance, and monitoring of the EnviroServers and related facilities at [Hopewell Ridge]." (Id. ¶ 55.) Defendants stated further that the damages Plaintiffs allegedly suffered "occurred while Third Party Defendants were in control of the EnviroServers and related facilities as set forth above and as set forth in the Keystone Answer and the Hostetter Answer." (Id. ¶ 56.) According to Defendants, "the Third Party Defendants acted negligently and with reckless disregard of the interests of Plaintiffs in failing to properly select, design, construct, install, operate, maintain, and monitor the

EnviroServers and related facilities and in failing to take any action to address the alleged substantial deficiencies in the EnviroServers and related facilities that led to any alleged injury suffered by Plaintiffs." (Id.)

The sole Count in the Third-Party Complaint is for indemnification and contribution. Specifically, Defendants allege that "[i]f Plaintiffs sustained any damages as alleged, which is denied, such damages were caused entirely by reason of the negligence, carelessness, recklessness, breaches of express and/or implied contracts, or violation of law, by Third Party Defendants and/or the employees and/or agents of each of them, there being no active wrongdoing on the part of Defendants contributing thereto." (Id. ¶ 58.) Defendants allege that on that basis, "Third Party Defendants are alone liable to Plaintiffs, jointly and several liable with Defendants, or liable over to Defendants, any liability on behalf of Defendants being expressly denied." (Id. ¶ 59.)

Defendants filed their Joint Third-Party Complaint on May 27, 2014. Gary Roeder and Lake Roeder filed Motions to Dismiss on July 28, 2014. Tri-Tech, Archer, Mavickar, Chesapeake, and Terr Aqua filed Motions to Dismiss on July 29, 2014. Defendants filed their Joint Omnibus Response to the Third-Party Defendants' Motions to Dismiss on August 12, 2014. The Motions to Dismiss are now ripe for judicial review.

## II.      STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Id. at 555.  Following

these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently

defined a two-pronged approach to a court's review of a motion to dismiss.  "First, the tenet that

a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Id. at 678.  Thus, although "Rule 8 marks a notable and

generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not

unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at

678–79.

      Second, the Supreme Court emphasized that "only a complaint that states a plausible

claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint

states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." Id.

A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of

Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of

complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the

proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right

to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

      Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of

review have remained static.  Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008

WL 2779079, at *2 (W.D. Pa. July 15, 2008).  The general rules of pleading still require only a

short and plain statement of the claim showing that the pleader is entitled to relief and need not

contain detailed factual allegations.  <u>Phillips</u>, 515 F.3d at 233.  Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff."  <u>Buck v. Hampton Twp. Sch. Dist.</u>, 452 F.3d 256, 260 (3d Cir. 2006).  Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Pinkerton v. Roche Holdings Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III.   DISCUSSION

Third-Party Defendants Dr. Hugh V. Archer and Third-Party Defendants Mavickar, Chesapeake, and Terr Aqua move to dismiss all claims against them pursuant to Rule 12(b)(6), or in the alternative, request a more definite statement pursuant to Rule 8 and Rule 12(e).  Third-Party Defendants Lake Roeder and Gary Roeder move to dismiss all professional negligence claims against them pursuant to Rule 12(b)(6) in light of Defendants' failure to file a certificate of merit.  Third-Party Defendants Gary Roeder and Lake Roeder also move to dismiss all claims against them pursuant to Rule 12(b)(6), or in the alternative, move for a more definite statement pursuant to Rule 12(e).  Defendants argue that Third-Party Defendants erroneously rely on the allegations of Plaintiffs' First Amended Complaint, rather than those in the Third-Party Complaint,[3] and that their argument "defies logic."  (Defs.' Resp. Opp'n Mot. Dismiss 2.) Having considered the parties' briefs, the Court finds that Defendants have not sufficiently stated claims against the moving Third-Party Defendants.  Accordingly, Third-Party Defendants' Motions to Dismiss for failure to state a claim are granted, and their Motions for a More Definite Statement are denied as moot.

---

[3] Defendants' argument is somewhat confusing, as Defendants incorporated by reference the factual allegations in Plaintiffs' First Amended Complaint into their Third-Party Complaint. (<u>See</u> Third-Party Compl. ¶ 2, Ex. 2.)

### A.  __Requirements of Federal Rule of Civil Procedure 14(a)__

Federal Rule of Civil Procedure 14 states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it <u>for all or part of the claim against it</u>."  Fed. R. Civ. P. 14(a)(1) (emphasis added).  "Under the rule, 'a direct line of liability must be alleged to exist between the third-party plaintiff and third-party defendant independent of that between the first party plaintiff and defendant.'"  <u>Morris v. Lenihan</u>, 192 F.R.D. 484, 488 (E.D. Pa. 2000) (quoting <u>Lopez de Robinson v. U.S.</u>, 162 F.R.D. 256, 258 (D.P.R. 1995)).  "A defendant/third-party plaintiff may 'not . . . join a person who is or may be liable solely to the plaintiff.'"[4]  <u>Id.</u> (quoting <u>Hellauer v. NAFCO Holding Co., LLC</u>, No. Civ.A. 97–4423, 1998 WL 352585, at *8 (E.D. Pa. June 12, 1998)) (additional citations and quotations omitted).  "Thus, in determining whether a third-party complaint was properly brought under Rule 14, a court looks to whether the pleadings provide a basis for the third-party defendant's liability to the defendant/third-party plaintiff."  <u>Id.</u>

Plaintiffs brought suit against Defendants in November 2013, setting forth nine causes of action: (1) violations of various sections of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, <u>et seq.</u>; (2) fraud in the inducement; (3) negligent misrepresentation; (4) failure to disclose descriptions of any liens, defects or encumbrances on or affecting title to Hopewell Ridge in violation of the Pennsylvania Uniform Planned Community Act, 68 Pa. Con. Stat. §§ 5103, 5402(a)(20), 5402(a)(22), 5402(a)(26), 5402(a)(27), 5402(a)(29), and 5411; (5) breach of fiduciary duty; (6) breach of express warranty; (7) breach of the implied warranties of

---

[4] To the extent that Defendants' Third-Party Complaint alleges that there was "no active wrongdoing on the part of Defendants contributing" to Plaintiffs' damages, and that one of three possible liability outcomes of Plaintiffs' case is that Third-Party Defendants "are alone liable," the Third-Party Complaint does not comply with Rule 14(a).  (Third-Party Compl. ¶¶ 58–59.)  As previously stated, "[a] defendant/third-party plaintiff may 'not . . . join a person who is or may be liable solely to the plaintiff.'"  <u>See</u> <u>Morris</u>, 192 F.R.D. at 488.

habitability and workmanship; (8) violations of the Pennsylvania Unfair Trade Practice and Consumer Protection Law, 73 Pa. Con. Stat. §§ 201-2(4)(v), (vii), (xiv), and (xxi); and (9) civil conspiracy.  See Barker v. Hostetter, No. Civ.A.13-5081, 2014 WL 1464319, at *5 (E.D. Pa. Apr. 15, 2014) (citing First Amended Complaint).  "The essence of [Plaintiffs'] claims is that the Defendants withheld material information from the Plaintiffs and misrepresented facts about the sewage system and water supply at Hopewell Ridge.  Such actions, according to Plaintiffs, were intended to induce the Plaintiffs into purchasing lots in Hopewell Ridge because in the Defendants' experience, other buyers who had become aware of the sewage system and water supply problems at Hopewell Ridge terminated their purchase agreements with the Hostetter Defendants."  Id. (citing First Amended Complaint).

Third-Party Defendants[5] argue that, under Federal Rule of Civil Procedure 14(a), they cannot be joined as third-party defendants in Plaintiffs' suit against Defendants on allegations that they are "solely" or "alone" liable to the Plaintiffs because Rule 14(a) prohibits the joinder of a third-party defendant on the basis of direct liability to a plaintiff.  (See, e.g., Lake Roeder Mem. Supp. Mot. Dismiss 2.)  Defendants respond by arguing that "although the Third-Party Complaint alleges that the third-party defendants are alone liable to the homeowner plaintiffs, the claim against them only seeks relief on behalf of Keystone and the Hostetters, and not directly on behalf of the homeowner plaintiffs.  Because no direct claims have been asserted against the third-party defendants, no direct claims can be dismissed by the Court."  (Defs.' Resp. Opp'n Mot. Dismiss 7.)

Defendants' argument is not persuasive.  As a preliminary matter, Rule 14(a) requires that a claim against a third-party defendant be for all or part of the claim that a plaintiff brought

---

[5] As Defendants point out, four of the Third-Party Defendants' Motions to Dismiss are substantively identical.  (Defs.' Resp. Opp'n Mot. Dismiss 5.)  Thus, the Court will collectively address Third-Party Defendants' arguments and Defendants' omnibus response to them.

against a defendant.  Plaintiffs' claims pertain to Defendants' conduct as developers and sellers of the Plaintiffs' lots, and allege affirmative acts and omissions by Defendants that related to the Hopewell Ridge lots.  Plaintiffs do not allege claims concerning the effectiveness or ineffectiveness of the EnviroServers per se, but only allege that Defendants concealed and fraudulently misrepresented to them the condition of the Hopewell Ridge lots, specifically regarding the nitrate levels in the soil and the lack of public water connections.  Defendants do not allege any facts in the Third-Party Complaint to establish that Third-Party Defendants are or may be liable to Defendants for all or any part of the claims Plaintiffs brought against them on those grounds. [6]  Rather, the Third-Party Complaint details the means by which Defendants obtained the EnviroServers that were later installed on some of the Hopewell Ridge lots, outlines the alleged business and corporate relationships among the various Third-Party Defendants, and subsequently declares that Third-Party Defendants entirely caused Plaintiffs' alleged damages. Even if Defendants' allegations in the Third-Party Complaint are true, they do not, as Rule 14(a) requires, establish that Third-Party Defendants might be liable for the claims that Plaintiffs alleged against Defendants.

　　　　As Defendants have not sufficiently alleged facts demonstrating the liability of Third-Party Defendants for all or part of the claims Plaintiffs brought against Defendants, the sole Count in the Third-Party Complaint fails to satisfy Rule 14(a) and, as a result, that claim cannot be maintained.  Accordingly, Defendants have failed to state a claim against Third-Party

---

[6] See Gartner v. Lombard Bros., 197 F.2d 53, 54–55 (3d Cir. 1952) ("At the start it should be said that the defendant cannot change the action of the plaintiff from one against it to one against somebody else.  If the plaintiff makes out a case for recovery for negligence against the defendant, the fact that others might also be liable if the plaintiff had sued them does not defeat the plaintiff's action.  It is no defense for one tort-feasor to say that someone else was a wrongdoer too.") (internal citation omitted).

Defendants upon which relief may be granted, and the Third-Party Complaint must be dismissed on that ground.

**B.  Indemnity and Contribution[7]**

While Defendants' Third-Party Complaint can be dismissed on the basis of its failure to comply with Rule 14, the Court will also briefly address Third-Party Defendants' arguments that the Third-Party Complaint must be dismissed because Defendants cannot maintain actions for indemnity or contribution against them.

**1.  Indemnity**

Third-Party Defendants argue that Defendants' claim for "indemnity" must be dismissed because neither Plaintiffs nor Defendants had contracts with the Third-Party Defendants that could give rise to a contractual indemnity obligation.  (See, e.g., Lake Roeder Mem. Supp. Mot. Dismiss 3.)  Third-Party Defendants also argue that Defendants cannot bring a claim against them for "common law indemnity" because Pennsylvania law bars Defendants from seeking common law indemnity where the primary and active negligence of the Defendants is alleged to have caused Plaintiff's alleged losses.  (Id.)  Defendants respond by arguing that "[b]ecause the Third-Party Complaint does, in fact, allege that the third party defendants are primarily liable for

---

[7] Third-Party Defendants also argue that because Federal Rule of Civil Procedure 14 is procedural in nature, it does not itself create a right to indemnity or contribution, and therefore the Third-Party Complaint does not satisfy Rule 8 because Defendants have not pled facts which establish any viable substantive theory of liability against the Third-Party Defendants.  (See, e.g., Lake Roeder Mem. Supp. Mot. Dismiss 4.)  The Court need not reach this argument because Defendants' claim for indemnity and contribution may be dismissed on other grounds. Similarly, the Court does not address Third-Party Defendants' arguments concerning the statute of limitations for an action by Plaintiffs against Third-Party Defendants and any impact it would have on Defendants' Third-Party Complaint.

the homeowner plaintiffs' damages—if any—this claim fails."[8]  (Defs.' Resp. Opp'n Mot.

Dismiss 7.)

        According to Defendants, they can bring a common law claim for indemnity against

Third-Party Defendants because "the liability owed to the homeowner plaintiffs by the Hostetters

and Keystone—if any—is secondary to the liability of the third-party defendants."  (Id. at 8.)

Defendants appear to argue that because any defects in the EnviroServers would have been

caused by Third-Party Defendants, those defects did not arise as a result of the Defendants'

actions, and any liability on Defendants' part "arises only by virtue of their legal relationship

with the homeowners as the developers and sellers."  (Id. at 10–11.)  Under Pennsylvania law,

however, "a defendant is entitled to indemnification when its liability arises not out of its own

conduct, but out of a relationship that legally compels the defendant to pay for the act or

omission of a third party."  Morris, 192 F.R.D. at 489 (emphasis added) (citing Builders Supply

Co. v. McCabe, 77 A.2d 368 (Pa. 1951); Willet v. Pa. Med. Catastrophe Loss Fund, 702 A.2d

850, 854–55 (Pa. 1997)).  As stated above, Plaintiffs' claims against Defendants are based on

Defendants' own conduct—misrepresentations and omissions Defendants are alleged to have

---

[8] Defendants also argue that Third-Party Defendants "ignore[] the basics of third-party practice"
by relying on "the homeowner plaintiffs' First Amended Complaint to establish the primary
liability of Keystone and the Hostetters."  (Defs.' Resp. Opp'n Mot. Dismiss 11.)  As an initial
matter, this argument ignores the fact that Defendants incorporated by reference the factual
allegations in Plaintiffs' First Amended Complaint into their Third-Party Complaint.  (See Third-
Party Compl. ¶ 2, Ex. 2.)  That inconsistency notwithstanding, Defendants rely on a 1955
Western District of Pennsylvania case for the proposition that "it is well-settled that in reviewing
a motion to dismiss a third-party complaint, the facts alleged in the third party complaint must be
taken as true, as opposed to the facts in the underlying complaint."  (Defs.' Resp. Opp'n Mot.
Dismiss 11 (citing Keller Crescent Printing & Engraving Co. v. Rosen, 135 F. Supp. 22, 23
(W.D. Pa. 1955) (citing Gartner v. Lombard Bros., 197 F.2d 53, 55 (3d Cir. 1952)).)  In fact, that
case states only that when a motion to dismiss a third-party complaint is before a court, "the facts
alleged in the third party complaint must be taken as true."  Id.  The Court need not resolve how
Defendants arrived at their interpretation of that statement, however, because as previously
explained, Defendants have incorporated Plaintiffs' factual allegations from the First Amended
Complaint into their own Third-Party Complaint.

made concerning the Hopewell Ridge lots.  Allegations regarding Defendants' statements and omissions about the presence of contamination and the availability of alternative water and sewer systems, not whether or how the EnviroServers are defective, are at issue in Plaintiffs' Amended Complaint.  If Defendants are eventually found liable for the conduct alleged in Plaintiffs' Amended Complaint, it would be for that reason, not by reason of some legal obligation to pay for the alleged defects in the EnviroServers which Defendants assert are the fault of Third-Party Defendants.  Accordingly, Defendants' claim for indemnification must be dismissed.

### 2.  **Contribution**

Third-Party Defendants argue that Defendants' claim for "contribution" must be dismissed because under Pennsylvania law, a right to contribution can only arise between joint tortfeasors, must be based on a tort theory of joint and several liability, and cannot be obtained by an intentional tortfeasor for an intentional tort.  (See, e.g., Lake Roeder Mem. Supp. Mot. Dismiss 3.)  According to Third-Party Defendants, all of Plaintiffs' claims, except for the negligent misrepresentation claim Plaintiffs asserted against Defendants, are based on federal or state statutes, contract theories, or allegations of intentional conduct, and therefore cannot support Defendants' claims for contribution from Third-Party Defendants.  (Id.)  Defendants respond by arguing that "by relying on the allegations of the First Amended Complaint, as opposed to the Third-Party Complaint, the movants have ignored the basic rules of third-party practice."  (Defs.' Resp. Opp'n Mot. Dismiss 13–14.)

Under Pennsylvania law, contribution is available only among joint tortfeasors.  Morris, 192 F.R.D. at 490 (citing 42 Pa. Cons .Stat. §§ 8321–27; Walton v. Avco Corp., 610 A.2d 454, 461 (Pa. 1992); Childers v. Power Line Equip. Rentals, Inc., 681 A.2d 201, 213 (Pa. Super. 1996)).  "Joint tortfeasors are 'two or more persons jointly or severally liable in tort for the same

injury to persons or property.'" Id. (quoting 42 Pa. C.S. § 8322).  Defendants assert that Third-

Party Defendants' argument, that the Third-Party Complaint does not allege facts sufficient to

support "a cause of action for contribution because it does not allege the same tort as alleged by

the homeowner plaintiffs—negligent misrepresentation," is no defense because a cause of action

for contribution is available even if joint tortfeasors are found liable under distinct theories or for

different causes of action.  (Defs.' Resp. Opp'n Mot. Dismiss 15.)  Defendants' argument,

however, ignores the basic notion that in order to be joint tortfeasors, the Third-Party Defendants

would have to have committed the same tort that Defendants are alleged to have committed,

which in this case is the tort of negligent misrepresentation.  With respect to Defendants,

Plaintiffs allege that they

> were aware of the elevated nitrate levels on the lots in Hopewell
> Ridge, but signed the [Public Offering Statement] which stated that
> there was no contamination on the property. Plaintiffs also alleged
> that the [Public Offering Statement] provided for public sewer
> connections as a backup to the experimental septic systems, but
> that no connections were made.

Barker v. Hostetter, No. Civ.A.13-5081, 2014 WL 1464319, at *19 (E.D. Pa. Apr. 15, 2014).

Even if, as Defendants claim, the Third-Party Defendants "acted negligently and with reckless

disregard of the interests of plaintiffs in failing to properly select, design, construct, install,

operate, maintain, and monitor the EnviroServers . . . and in failing to take any action to address

the alleged substantial deficiencies in the EnviroServers," (Third-Party Compl. ¶ 56), those

actions would constitute a separate tort which would have occurred prior to Defendants'

allegedly negligent misrepresentations to Plaintiffs about the contaminated soil on the Hopewell

Ridge lots.  Stated differently, Third-Party Defendants' provision of allegedly inadequate nitrate

treatment systems is conduct wholly distinct from Defendants' alleged misrepresentations

regarding the presence of contamination and the availability of alternative public sewer

connections.  As Defendants have not alleged facts showing that Third-Party Defendants could be jointly or severally liable for the same injury that Plaintiffs alleged that Defendants caused, Defendants' contribution claim against Third-Party Defendants must be dismissed.

**3.   Defendants' Claim for Indemnity and Contribution Against Individual Third-Party Defendants**

Defendants argue that they may also bring claims of indemnity and contribution against Gary Roeder and Hugh Archer individually, and that, in the Third-Party Complaint, they allege facts sufficient to pierce the corporate veil and hold Roeder and Archer personally liable.  The Court need not address Defendants' arguments in favor of piercing the corporate veil because, for the same reasons that Defendants' claim for indemnity and contribution fails against Third-Party Defendants as discussed above, that claim would also fail against Roeder and Archer. Accordingly Defendants' claim for indemnity and contribution is dismissed as against those Third-Party Defendants in their personal capacities.

**C.   Motion for a More Definite Statement**

As Defendants' Third-Party Complaint is being dismissed, the Court need not address Third-Party Defendants' alternative Motions for a More Definite Statement pursuant to Rule 12(e).  That aspect of Third-Party Defendants' Motions is therefore denied as moot.

**D.   Certificate of Merit**

Third-Party Defendants Tri-Tech Resources, Inc., Tri-Tech Resources, Inc. d/b/a Lake, Roeder, Hillard & Associates, and Gary Roeder move separately to dismiss the professional negligence allegations in the Third-Party Complaint on the ground that Defendants failed to file a Certificate of Merit.  Although Defendants respond with several arguments, the Court need not address this issue as the Third-Party Complaint is being dismissed on other grounds. Accordingly, that Motion is denied as moot.

**IV.     CONCLUSION**

In light of the foregoing, the Court finds that Defendants have not sufficiently alleged facts showing that they may be entitled to relief from the Third-Party Defendants as required by Rule 14.  Accordingly, the Third-Party Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) are granted.  The Motions for an Alternative Statement pursuant to Rule 12(e) by Third-Party Defendants Archer; Mavickar, Chesapeake, and Terr Aqua; Third-Party Defendant Gary Roeder; and Third-Party Defendant Lake Roeder are denied as moot.  The Motion to Dismiss for failure to file a Certificate of Merit by Third-Party Defendants Tri-Tech Resources, Inc., Tri-Tech Resources, Inc. d/b/a Lake, Roeder, Hillard & Associates, and Gary Roeder is denied as moot.

An appropriate Order follows.