IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL AND KRISTEN BARKER, h/w, et al., : | |
| : | CIVIL ACTION |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | NO.  13-5081 |
| WILMER L. HOSTETTER AND JOYCE L. : | |
| HOSTETTER, et al., : | |
| : | |
| Defendants, : | |
| : | |
| & : | |
| : | |
| GARY ROEDER, et al., : | |
| : | |
| Third-Party Defendants. : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                               March 30, 2015

Currently pending before the Court are three separate Motions for Judgment on the Pleadings pursuant to Rule 12(c) by Third-Party Defendants Envirotec, Inc., Joseph Link and H&H Rock Companies; Wastewater Monitoring, Inc.; and Leo Kob Environmental, LLC, Leo Kob Co., Inc., Leo Kob Company, and Richard A. Erb[1] (collectively "Kob Companies") (all moving parties referred to collectively as "Third-Party Defendants").   For the following reasons, the Motions for Judgment on the Pleadings are granted.

---

[1] The Motion by Third-Party Defendants Leo Kob Environmental, LLC, Leo Kob Co., Inc., Leo Kob Company, and Richard A. Erb is captioned as a Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(c).  (See Docket No. 63.)

I. **FACTUAL BACKGROUND**

   A. <u>**Related Procedural History and Factual Background**</u>

The Plaintiffs in this case brought suit against Defendants Keystone Custom Homes, Inc. and Willow Creek, LLC, and Defendants Wilmer L. Hostetter and Joyce L. Hostetter (collectively "Defendants") in November 2013, setting forth nine causes of action: (1) violations of various sections of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, <u>et seq.</u>; (2) fraud in the inducement; (3) negligent misrepresentation; (4) failure to disclose descriptions of any liens, defects or encumbrances on or affecting title to Hopewell Ridge in violation of the Pennsylvania Uniform Planned Community Act, 68 Pa. Con. Stat. §§ 5103, 5402(a)(20), 5402(a)(22), 5402(a)(26), 5402(a)(27), 5402(a)(29), and 5411; (5) breach of fiduciary duty; (6) breach of express warranty; (7) breach of the implied warranties of habitability and workmanship; (8) violations of the Pennsylvania Unfair Trade Practice and Consumer Protection Law, 73 Pa. Con. Stat. §§ 201-2(4)(v), (vii), (xiv), and (xxi); and (9) civil conspiracy.  <u>See</u> <u>Barker v. Hostetter</u>, No. Civ.A.13-5081, 2014 WL 1464319, at *5 (E.D. Pa. Apr. 15, 2014) (citing First Amended Complaint).  "The essence of [Plaintiffs'] claims is that the Defendants withheld material information from the Plaintiffs and misrepresented facts about the sewage system and water supply at Hopewell Ridge.  Such actions, according to Plaintiffs, were intended to induce the Plaintiffs into purchasing lots in Hopewell Ridge because in the Defendants' experience, other buyers who had become aware of the sewage system and water supply problems at Hopewell Ridge terminated their purchase agreements with the Hostetter Defendants."  <u>Id.</u> (citing First Amended Complaint).

Defendants subsequently brought a Joint Third-Party Complaint against numerous entities and individuals, including the moving Third-Party Defendants.  The Court previously

dismissed Defendants' Third-Party Complaint pursuant to Rule 12(b)(6) with respect to Third-Party Defendants Hugh V. Archer, individually and doing business as Mavickar Environmental Consultants, Mavickar Environmental Consultants Inc., Mavickar Environmental Engineering Consultants, LLC, The Mavickar Group, LLC; Chesapeake Environmental Solutions, Inc., Hugh V. Archer doing business as Chesapeake Environmental Solutions; Tri-Tech Resources, Inc., Tri-Tech Resources, Inc., doing business as Lake, Roeder, Hillard & Associates; Gary Roeder; and Terr Aqua Facility Planning Consultants, LLC.  See Barker v. Hostetter, No. Civ.A.13-5081, 2014 WL 6070757 (E.D. Pa. Nov. 13, 2014).  Defendants filed a Motion to Reconsider this Court's decision dismissing Defendants' claim against those Third-Party Defendants, which was denied on February 11, 2015.  (See Docket No. 65.)

### B. Factual Background Related to the Motions for Judgment on the Pleadings[2]

In the Third-Party Complaint, Defendants incorporate by reference the factual allegations set forth in Defendants Keystone Custom Homes, Inc.'s and Willow Creek, LLC's Answer to First Amended Complaint with Affirmative Defenses and Cross-claim ("Keystone Answer") and Defendants Wilmer and Joyce Hostetter's Answer to the First Amended Complaint with Affirmative Defenses and Cross-claims ("Hostetter Answer"), attached to the Joint Third-Party Complaint as Exhibit 1.  (Third-Party Compl. ¶ 1.)  Defendants also incorporate by reference, without admitting the truth of the averments contained therein, the factual allegations set forth in Plaintiffs' First Amended Complaint, which is attached to the Joint Third-Party Complaint as Exhibit 2.  (Third-Party Compl. ¶ 2, Ex. 2.)  As stated above, Plaintiffs' First Amended Complaint sets forth allegations against Defendants concerning the presence of nitrate

---

[2] In lieu of repeating the factual allegations in the Third-Party Complaint which concern the additional Third-Party Defendants, the Court incorporates by reference that portion of its Opinion granting dismissal of the Third-Party Complaint with respect to those Third-Party Defendants into this Memorandum.  See Barker v. Hostetter, No. Civ.A.13-5081, 2014 WL 6070757, at *2–4 (E.D. Pa. Nov. 13, 2014).

contamination on the Plaintiff homeowners' lots in the Hopewell Ridge development and Defendants' alleged misrepresentations and omissions regarding the contamination and sewage connections on the lots and in connection with Plaintiffs' purchases of their homes.[3] See Barker v. Hostetter, No. Civ.A.13-5081, 2014 WL 1464319, at *1–5 (E.D. Pa. Apr. 15, 2014).

Third-Party Defendants Joseph Link, Envirotec, Inc., Wastewater Monitoring, Inc., and H&H Rock Companies, together with Third-Party Defendants Kob Companies, installed the EnviroServers and monitored their performance following installation. (Third-Party Compl. ¶¶ 32–36, 38, 47.) H&H Rock Companies was the exclusive mid-Atlantic distributor of EnviroServer technology, trained the Kob Companies on how to install and maintain the EnviroServers, and authorized the Kob Companies to provide installation and maintenance services on the EnviroServers used at Hopewell Ridge. (Id. ¶ 39.)

According to the Third-Party Complaint, Defendants relied on the technical expertise of the moving Third-Party Defendants to design and obtain approval of the appropriate septic systems for use in Hopewell Ridge. (Id. ¶ 48.) Defendants assert that "Plaintiffs claim to have suffered certain damages as the result of issues that arose during the construction, installation, and operation of the EnviroServers and related facilities" at Hopewell Ridge. (Id. ¶ 54.) According to Defendants, "the Third Party Defendants all were responsible for the permitting, approval, design, construction, installation, operation, maintenance, and monitoring of the EnviroServers and related facilities at [Hopewell Ridge]." (Id. ¶ 55.) Defendants stated further that the damages Plaintiffs allegedly suffered "occurred while Third Party Defendants were in

---

[3] The Court set forth in detail the lengthy factual allegations of the First Amended Complaint in its Opinion of April 15, 2014, which granted in part and denied in part the Keystone, Willow Creek, and Hostetter Defendants' Motions to Dismiss the First Amended Complaint. See Barker v. Hostetter, No. Civ.A.13-5081, 2014 WL 1464319, *1–5 (E.D. Pa. Apr. 15, 2014). In lieu of repeating that entire discussion, the Court incorporates by reference that portion of its Opinion into this Memorandum.

control of the EnviroServers and related facilities as set forth above and as set forth in the Keystone Answer and the Hostetter Answer." (Id. ¶ 56.) Thus, according to Defendants, "the Third Party Defendants acted negligently and with reckless disregard of the interests of Plaintiffs in failing to properly select, design, construct, install, operate, maintain, and monitor the EnviroServers and related facilities and in failing to take any action to address the alleged substantial deficiencies in the EnviroServers and related facilities that led to any alleged injury suffered by Plaintiffs." (Id.)

The sole count in the Third-Party Complaint is for indemnification and contribution. Specifically, Defendants allege that "[i]f Plaintiffs sustained any damages as alleged, which is denied, such damages were caused entirely by reason of the negligence, carelessness, recklessness, breaches of express and/or implied contracts, or violation of law, by Third Party Defendants and/or the employees and/or agents of each of them, there being no active wrongdoing on the part of Defendants contributing thereto." (Id. ¶ 58.) Defendants allege that on that basis, "Third Party Defendants are alone liable to Plaintiffs, jointly and several liable with Defendants, or liable over to Defendants, any liability on behalf of Defendants being expressly denied." (Id. ¶ 59.)

Third-Party Defendants Envirotec, Inc., Joseph Link, and H&H Rock Companies filed a Motion for Judgment on the Pleadings on December 12, 2014. Defendants filed a Response in Opposition on December 19, 2014. Third-Party Defendant Wastewater Monitoring, Inc. filed a Motion for Judgment on the Pleadings on December 18, 2014. Defendants filed a Response in Opposition on December 31, 2014. The Leo Kob Third-Party Defendants filed a Motion to Dismiss the Third-Party Complaint pursuant to Rule 12(c) on January 16, 2015. Defendants

filed a Response in Opposition on February 5, 2015. The Motions for Judgment on the Pleadings are now ripe for judicial review.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings "will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005) (citing Soc'y Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980); see also DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d Cir. 2008) ("Judgment will only be granted where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law.") (citation omitted). Courts "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Sikirica, 416 F.3d at 220 (citing Soc'y Hill Civic Ass'n, 632 F.2d at 1054). "The Court may consider 'matters of public record, and authentic documents upon which the complaint is based if attached to the complaint or as an exhibit to the motion.'" Fishman v. Hartford, 980 F. Supp. 2d 672, 677 (E.D. Pa. 2013), appeal dismissed (3d Cir. Mar. 14, 2014) (quoting Chemi SpA v. GlaxoSmithKline, 356 F. Supp. 2d 495, 496–97 (E.D. Pa. 2005) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391 (3d Cir. 1994))).

## III.  DISCUSSION

Third-Party Defendants argue that they are entitled to judgment on the pleadings for the same reasons this Court granted the motions to dismiss by the other Third-Party Defendants. Defendants assert that this Court incorrectly granted those motions to dismiss and that these

Third-Party Defendants are therefore not entitled to judgment on the pleadings. Having considered the parties' briefs, the Court finds that Defendants have not sufficiently stated claims against the moving Third-Party Defendants. Accordingly, Third-Party Defendants' Motions for Judgment on the Pleadings are granted.

### A. Third-Party Defendants' Rule 14 Arguments

Third-Party Defendants argue that because this Court found that the Third-Party Complaint did not allege facts establishing that the other Third-Party Defendants might be liable to Defendants for all or part of the claims Plaintiffs brought against them, as required by Federal Rule of Civil Procedure 14(a), they are entitled to judgment on the pleadings for the same reason. (See Third-Party Defs.' Envirotec, Inc., Joseph Link, and H&H Rock Companies' Mem. Supp. Mot. J. Pleadings 3; Third-Party Def. Wastewater Monitoring Companies' Mem. Supp. Mot. J. Pleadings 3–4; Third-Party Defs.' Leo Kob's Mem. Supp. Mot. J. Pleadings 2–3.)

In the Opinion dismissing the Third-Party Complaint against the other Third-Party Defendants, this Court found that the Third-Party Complaint did not satisfy Rule 14[4] because:

> As a preliminary matter, Rule 14(a) requires that a claim against a third-party defendant be for all or part of the claim that a plaintiff brought against a defendant. Plaintiffs' claims pertain to Defendants' conduct as developers and sellers of the Plaintiffs' lots, and allege affirmative acts and omissions by Defendants that related to the Hopewell Ridge lots. Plaintiffs do not allege claims concerning the effectiveness or ineffectiveness of the EnviroServers per se, but only allege that Defendants concealed and fraudulently misrepresented to them the condition of the Hopewell Ridge lots, specifically regarding the nitrate levels in the soil and the lack of public water connections. Defendants do not allege any facts in the Third-Party Complaint to establish that Third-Party Defendants are or may be liable to Defendants for all or any part of the claims Plaintiffs brought against them on those

---

[4] Federal Rule of Civil Procedure 14 states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1) (emphasis added).

> grounds.[5] Rather, the Third-Party Complaint details the means by which Defendants obtained the EnviroServers that were later installed on some of the Hopewell Ridge lots, outlines the alleged business and corporate relationships among the various Third-Party Defendants, and subsequently declares that Third-Party Defendants entirely caused Plaintiffs' alleged damages. Even if Defendants' allegations in the Third-Party Complaint are true, they do not, as Rule 14(a) requires, establish that Third-Party Defendants might be liable for the claims that Plaintiffs alleged against Defendants.

Barker v. Hostetter, No. Civ.A.13-5081, 2014 WL 6070757, at *2–4 (E.D. Pa. Nov. 13, 2014) (emphasis added).

Defendants assert that "Moving [Third-Party] Defendants literally cite no authority outside of the conclusion on p. 13 of the Memorandum Opinion upon which the Motion for Judgment on the Pleadings is based." (See, e.g., Defs.' Resp. Opp'n Third-Party Defs.' Envirotec, Inc.'s, Joseph Link's, and H&H Rock Companies' Mot. J. Pleadings 4.) Defendants further respond by relying on the same arguments presented in their Motion for Reconsideration pertaining to the dismissal of the Third-Party Complaint against the other Third-Party Defendants. (See Defs.' Resp. Opp'n Mot. J. Pleadings 1–3.) As stated above, this Court denied Defendants' Motion for Reconsideration, noting the following:

> Defendants argue that the Court incorrectly characterized the nature of Plaintiffs' claims against Defendants. (Defs.' Mot. Reconsideration 3.) While the Amended Complaint contains factual allegations concerning the ineffectiveness of the EnviroServers installed on Plaintiff's properties, the actual claims against Defendants detailed in the various counts of the Amended Complaint are based on allegations that Defendants fraudulently misrepresented and concealed those and other facts from the

---

[5] See Gartner v. Lombard Bros., 197 F.2d 53, 54–55 (3d Cir. 1952) ("At the start it should be said that the defendant cannot change the action of the plaintiff from one against it to one against somebody else. If the plaintiff makes out a case for recovery for negligence against the defendant, the fact that others might also be liable if the plaintiff had sued them does not defeat the plaintiff's action. It is no defense for one tort-feasor to say that someone else was a wrongdoer too.") (internal citation omitted).

> Plaintiffs. Such allegations do not establish that the Third-Party Defendants are or may be liable to Defendants for all or part of the claims Plaintiffs brought against Defendants. In addition, and as the Court stated previously, the sole count in Defendants' Third Party Complaint does not satisfy Federal Rule of Civil Procedure 14. The Third Party Complaint was properly dismissed on that basis, and Defendants' Motion for Reconsideration does not support a contrary decision.

(Order Denying Defendants' Motion for Reconsideration (Docket No. 65) at n.1.)

In responding to the Motions for Judgment on the Pleadings, Defendants continue to misunderstand the nature of Plaintiffs' claims. Defendants state that "contrary to the conclusion that Plaintiffs do not seek damages for the allegedly defective Enviroservers, the First Amended Complaint does seek those damages, and the Third Party Complaint alleges that Moving [Third-Party] Defendants are responsible for all or some of those damages." (See, e.g., Defs.' Resp. Opp'n Third-Party Defs. Envirotec, Joseph Link, and H&H Rock Companies' Mot. J. Pleadings 4–5.) But, as this Court has previously explained, "[t]he essence of [Plaintiffs'] claims is that the Defendants withheld material information from the Plaintiffs and misrepresented facts about the sewage system and water supply at Hopewell Ridge. Such actions, according to Plaintiffs, were intended to induce the Plaintiffs into purchasing lots in Hopewell Ridge because in the Defendants' experience, other buyers who had become aware of the sewage system and water supply problems at Hopewell Ridge terminated their purchase agreements with the Hostetter Defendants." Barker v. Hostetter, No. Civ.A.13-5081, 2014 WL 1464319, at *5 (E.D. Pa. Apr. 15, 2014) (citing First Amended Complaint). While the Amended Complaint contains factual allegations regarding the ineffectiveness of the EnviroServers, as stated above the actual claims that Plaintiffs brought against Defendants are: (1) violations of various sections of the Interstate Land Sales Full Disclosure Act; (2) fraud in the inducement; (3) negligent misrepresentation; (4) failure to disclose descriptions of any liens, defects or encumbrances on or affecting title to

9

Hopewell Ridge in violation of the Pennsylvania Uniform Planned Community Act; (5) breach of fiduciary duty; (6) breach of express warranty; (7) breach of the implied warranties of habitability and workmanship; (8) violations of the Pennsylvania Unfair Trade Practice and Consumer Protection Law; and (9) civil conspiracy.  Those claims are based on allegations regarding Defendants' affirmative acts, misrepresentations, omissions, and documents prepared by and/or signed by the various Defendants.  Contrary to Defendants' arguments, Third-Party Defendants are not liable for all or part of those claims to Defendants—even if Third-Party Plaintiffs sold, provided, installed, or maintained the EnviroServers—because Plaintiffs' claims rest on Defendants' conduct and their relationship with the Plaintiffs as the developers and sellers of the Hopewell Ridge lots, rather than the mere fact that the EnviroServers did not work as expected.

Defendants, therefore, have not, sufficiently alleged facts demonstrating the liability of Third-Party Defendants for all or part of the claims Plaintiffs brought against Defendants.  Thus, the sole count in the Third-Party Complaint fails to satisfy Rule 14(a).  Accordingly, Defendants have failed to state a claim against Third-Party Defendants upon which relief may be granted, and Third-Party Defendants are entitled to judgment in their favor as a matter of law.[6]

---

[6] Third-Party Defendants also assert that because Defendants do not allege any contracts with them, and because no such contracts exist, judgment on the pleadings is warranted. (See, e.g., Third-Party Defs.' Envirotec, Inc., Joseph Link, and H&H Rock Companies' Mem. Supp. Mot. J. Pleadings at 3–4.)  Defendants assert that the Third-Party Defendants' contracts argument is incorrect and contradicted by Paragraphs 19, 40, 41, and 52 of the Third Party Complaint. (See, e.g., Defs.' Resp. Opp'n Third-Party Defs. Envirotec, Joseph Link, and H&H Rock Companies' Mot. J. Pleadings 4 n.1.)  Neither Defendants nor Third-Party Defendants elaborate on this aspect of their arguments.  As Third-Party Defendants are entitled to judgment on the pleadings on other grounds, the disposition of their Motions is not affected.

Defendants also argue that Third-Party Defendants were properly joined and that they appropriately assert claims for indemnification and contribution against Third-Party Defendants. (See, e.g., id. at 8–10.)  Defendants are incorrect for the same reasons stated in this Court's Opinion granting certain other Third-Party Defendants' Motions to Dismiss.  See Barker v. Hostetter, No. Civ.A.13-5081, 2014 WL 6070757, at *7–9 (E.D. Pa. Nov. 13, 2014).  In addition,

## IV. CONCLUSION

In light of the foregoing, the Court finds that Defendants have not sufficiently alleged facts showing that they may be entitled to relief from the Third-Party Defendants as required by Rule 14. Accordingly, the Third-Party Defendants' Motions for Judgment on the Pleadings pursuant to Rule 12(c) are granted.

An appropriate Order follows.

---

and for the reasons stated in that Opinion, Defendants' failure to comply with Rule 14 and failure to state a claim for which relief can be granted provide sufficient grounds for granting Third-Party Defendants' Motions for Judgment on the Pleadings.